UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>JUNIOR MELENDEZ, )<br>ANGEL CORDOVA, )<br>CARLOS RICHARDS, )<br>JUAN RODRIGUEZ, )<br>ANTOINE MACK, )<br>KEVIN JEAN, )<br>      Defendants ) | Criminal No. 19-40025-TSH |

**Findings on Rodriguez's Opposition to Motion for Continuance**
April 6, 2021

**HILLMAN, D.J.**

On July 2, 2019, an Indictment was returned charging the Defendants with Conspiracy to Distribute and to Possess with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 846, and as to Antoine Mack, being a Felon in Possession of a Firearm in violation of 18 U.S. C. § 922(g)(1).

**Background**

1. This case was returned to the district court on December 4, 2019 and the initial status conference was set for January 10. 2020. In December 2019, the Defendants requested additional time, until February 3, 2020, to file substantive motions, and requested that the status conference be continued. Thereafter, Defendants requested additional time, until April 3, 2020, to file their substantive motions. That request was granted at a status conference held on February 25, 2020 and a hearing on such motions was set for May 21, 2020. A trial date was set for December 14, 2020.

2. In March 2020, due to the COVID-19 global pandemic, for the health and safety of court personnel, criminal and civil parties and attorneys, and the public at large, protocols were put in place which severely limited the Court's ability to conduct in-person proceedings. Additionally, as a result of delays and complications caused by the pandemic, Defendants did not file their substantive motions by April 3rd. At a status conference held on May 21, 2020, Defendants requested and were granted additional time until July 1, 2020 to file their motions, and that date, by request, was further extended until July 31, 2020. Defendants filed their motions to suppress on or about July 31, 2020— over sixteen motions were filed. With the assent of the Defendants, the Government was granted additional time to respond until on or about September 7, 2020. A hearing was held on the motions on October 19, 2020.

3. On October 26, 2020, due to the severity of the pandemic, the impact it was having on court proceedings, counsels' ability to prepare for trial, and the fact that some defense counsel are in high risk categories should they contract COVID-19, Defendants filed a motion to continue the trial date until no earlier than February 2021. After holding video conferences individually with each Defendant, including Mr. Rodriguez, who consented to the continuance, the trial date was reset for March 29, 2021.

4. On March 10, 2021, the Government filed an assented to motion to continue the trial date due to the ongoing pandemic, and that fact that new counsel had been appointed for Defendant Jean less than two months prior (On April 5, 2021, Jean filed a new motion to proceed pro se). Rodriguez is the only remaining Defendant who did not assent to motion to continue or indicate that he would not oppose it.

## Discussion

Rodriguez has filed an opposition to the motion to continue the trial date on the grounds that after having previously consented to numerous continuances, he is not prepared to wait an

additional nine months before going to trial. Rodriguez also points out that he has filed three requests for release from detention, all of which have been denied. Rodriguez contends that while holding a jury trial at this time would be difficult, it would not be impossible. He points to the fact that prior to the vaccines becoming available and while COVID-19 cases were on the rise, this Court held a criminal jury trial.

To assess whether a defendant's Sixth Amendment right to a speedy trial has been violated, the Court consider fours factors: (1) the length of delay; (2) the reason given by the government for the delay; (3) the defendant's responsibility to assert his right; and (4) prejudice to the defendant, particularly to limit the possibility that the defense will be impaired. *United States v. Lara,* 970 F.3d 68, 80 (1st Cir. 2020).

1. The Length of the Delay.   It is undisputed that there has been a lengthy delay which after granting the motion to continue, will be over two years (29 months), which make it presumptively prejudicial. *Id.* Accordingly, the Court must balance all four factors, none of which, in and of itself, is determinative.

2. The Reason for the Delay. The 29-month delay in this case while not extreme, is lengthy given that Mr. Rodriguez is incarcerated– therefore, upon initial consideration, this factor tips in his favor. At the same time, the delay has been caused by a global pandemic which has created significant health and safety concerns for all involved, including Mr. Rodriguez. Moreover, the pandemic has led to delays in the filing and resolution of motions. The over sixteen motions to suppress in this case– which the Defendants were granted numerous extensions to file– have raised varied and complex issues which the Court has had to consider at the same time it has had to address an influx of flings related to the pandemic, including multiple requests for release in this and other cases. There have also been numerous other pretrial motions which the Court has addressed and continues to address in this case. Moreover, the significant

3

limitations on the Court's ability to hold in-person proceedings due to the extremely contagious nature of the virus and the manner in which it is transmitted continues as of today. Because of mandated health and safety protocols, an in-person trial cannot be accommodated at this time due to the number of individuals who would be required to participate, including, defendants, counsel, court personnel, witnesses, security personnel, and jurors. The trial referenced by Mr. Rodriguez involved one defendant which permitted the Court to reconfigure the courtroom to accommodate up to 25 people. This trial involves four defendants and limiting the number of people in the courtroom to those only essential to the case while maintaining appropriate social distancing is not feasible. Additionally, no other defendant has objected to the delay and their request for the continuance under the circumstances is reasonable. Finally, while Mr. Rodriguez does not waive his right to contest the delay by not seeking a severance, it can be considered by the Court in determining whether the delay itself is reasonable. Considering these circumstances, this factor, *i.e.*, the Government's reason for the delay, does not favor Mr. Rodriguez.

      3. <u>Defendant's Assertion of His Right to A Speedy Trial</u>. By his opposition, Mr. Rodriguez is asserting his speedy trial right. This factor weighs in his favor.

      4. <u>Prejudice to the Defendant</u>. As to the last factor, I recognize that Mr. Rodriguez is incarcerated, and that the loss of his freedom has likely exacerbated a feeling of anxiety and concern about his future. However, he has not specifically articulated any such concerns, nor has he asserted that any further delay will impair his defense. Additionally, the delay has been caused by forces outside of the Government's control. Bearing in mind that Mr. Rodriguez had already assented to a continuance until March 29, 2021, that he has not pointed to any specific prejudice he would suffer from the additional nine-month delay and that the delay was in no way due to any bad faith by the Government, I find that this factor does not favor Mr. Rodriguez.

On balance, the factors favored allowing the continuance over Mr. Rodriguez's objection, that is, that continuing the trial is both reasonable and in the interests of justice and therefore, the time should be excluded pursuant to 18 U.S.C, § 3161(h)(7)(A).

/s/ *Timothy S. Hillman*
TIMOTHY S. HILLMAN
UNITED STATES DISTRICT JUDGE