## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES**<br><br>**v.**<br><br>**ANGEL CORDOVA** | **Docket No. 19-cr-40025-TSH** |

### MOTION IN LIMINE TO EXCLUDE EVIDENCE OF DEFENDANT'S PRIOR CONVICTIONS IF HE DECIDES TO TESTIFY

Defendant, Angel Cordova, respectfully moves this Court for a ruling prohibiting the government from impeaching him with evidence concerning his prior criminal conviction and "guilty-filed" disposition should he choose to testify in his own defense. As grounds for this motion, Mr. Cordova states that his prior conviction and his prior "guilty-filed" disposition are both inadmissible under Rule 403 and Rule 609 of the Federal Rules of Evidence.

### Background

Mr. Cordova has two prior cases that the government may seek to use as impeachment should Mr. Cordova choose to testify. The first is a conviction for possession with intent to distribute a Class B controlled substance (cocaine) in Worcester Superior Court. The second is a "guilty-filed" disposition for possession with intent to distribute a Class B controlled substance in Worcester District Court. Both cases were resolved on October 3, 2012.

### Argument

The government should not be permitted to impeach Mr. Cordova with evidence of his prior conviction or his prior guilty-filed disposition should he elect to take the stand at his trial.

His guilty-filed disposition cannot be used for impeachment under Fed. R. Evid. 609 because under Massachusetts law, a "guilty filed" disposition does not qualify as a conviction. In

*Commonwealth v. Simmons*, 448 Mass. 687, 688 (2007), the Supreme Judicial Court discussed the common practice in Massachusetts of placing "convictions" on file. The court noted that this was an error in nomenclature because "[i]t is well established that a judgment of conviction does not enter unless sentence is imposed." *Id*. at n.2 (citing *Doe v. Sex Offender Registry Bd*., 447 Mass 750 (2006)). The court stated that it would instead use the terminology of placing the "case" or "indictment" on file. *Id*.

Because a "guilty-filed" disposition "completely suspends the adjudicative process, including the defendant's right to appeal, until such time as the court reactivates or makes some further disposition of the case," *White v. Immigration and Naturalization Serv*., 17 F.3d 475, 479 (1st Cir. 1994), this Court should not consider it to be a "conviction" for the purposes of Fed. R. Evid. 609. *See United States v. Carey*, 716 F. Supp. 2d 56, 66 (D. Me. 2010) (finding that a "guilty-filed" disposition does not qualify as a conviction for ACCA purposes); *United States v. Griffiths*, 243 F.3d 45, 52-53 (1st Cir. 2001) (finding that a "guilty-filed" disposition is not a "formal judgment of guilt"); *but see United States v. Curet*, 670 F.3d 296, 308 (1st Cir. 2012) (finding a "guilty-filed" disposition qualifies as a conviction for career offender purposes).

However, even if this Court held that the "guilty-filed" disposition qualified as a conviction for the purposes of Fed. R. Evid. 609, both that disposition and Mr. Cordova's conviction for possession with intent to distribute a Class B controlled substance are inadmissible because admission would create an undue risk of prejudice and conviction by propensity if disclosed. Rule 403 permits exclusion of evidence where its probative value is substantially outweighed by the danger of unfair prejudice. Further, Rule 609(a)(1)(B) states that a conviction may be used to impeach the defendant only "if the probative value of the evidence outweighs its prejudicial effect to [the] defendant." Fed. R. Evid. 609(a)(1)(B); *see also United States v. Tse*, 375 F.3d 148, 164

(1st Cir. 2004) ("With respect to the use of prior convictions for impeachment, Rule 609 distinguishes between the accused and mere witnesses. . . . [F]ailure to apply the different standards for exclusion [is] an error of law."); *id.* at 163 ("Rule 403 protects government witnesses only against the danger of 'unfair prejudice,' while Rule 609 protects the accused against any 'prejudicial effect.'").

Before a prior conviction can be used to impeach a defendant who elects to testify, Rule 609(a)(1)(B) requires the Court to consider: "(1) the nature of the offense; (2) the age of the conviction and the defendant's history since the conviction; (3) the similarity between the past crime and the crime for which the defendant is on trial; (4) the importance of the defendant's testimony; and (5) the centrality of the credibility issue." *United States v. Grandmont*, 680 F.2d 867, 872 n.4 (1st Cir. 1982).

These factors counsel against admission of the conviction and "guilty-filed" disposition here. Mr. Cordova is charged with drug conspiracy. Mr. Cordova's prior conviction and his prior "guilty-filed" disposition for drug crimes do not bear on his credibility or veracity, as would for example, a conviction for perjury or fraud. Admission of these convictions carries a grave risk of prejudice given the danger that the jury would improperly treat them as propensity evidence due to the nature of the charged offenses. *Cf. United States v. Brito*, 427 F.3d 53, 64 (1st Cir. 2005) ("The offenses underlying appellant's prior convictions are not similar to the offenses charged in this case. That is relevant because convictions for dissimilar crimes are customarily thought to be less prejudicial than convictions for similar crimes (which may run the risk of implying a propensity to commit the crime)."). In cases where the prior conviction is for an offense very similar in nature to the charged offense, the prejudicial impact of the conviction is especially great:

> We have recognized the prejudice that results from admitting evidence of a similar offense under Rule 609:

> Admission of evidence of a similar offense often does little to impeach the credibility of a testifying defendant while undoubtedly prejudicing him. The jury, despite limiting instructions, can hardly avoid drawing the inference that the past conviction suggests some probability that defendant committed the similar offense for which he is currently charged. The generally accepted view, therefore, is that evidence of similar offenses for impeachment purposes under Rule 609 should be admitted sparingly if at all.

*United States v. Sanders*, 964 F.2d 295, 297-98 (4th Cir. 1992) (internal citation omitted) (reversing conviction for assault with a dangerous weapon after the trial judge allowed the prosecution to impeach him with a prior conviction for assault).

In addition, Mr. Cordova's decision to testify in his own defense will be informed by whether the Court allows the government to inquire into his prior convictions. If the government is allowed to so inquire, the jury will inevitably view Mr. Cordova in a negative light and evaluate his testimony about the specific events at issue in this case through that lens. Admitting such a line of inquiry would thus impermissibly burden his right to testify in his own defense.

Where the prior convictions offer little insight into a defendant's credibility but casts a distinctly negative light on his general character, the balancing of probative value and prejudice under both Rule 403 and Rule 609(a)(1)(B) tips in favor of exclusion.

### Conclusion

For the foregoing reasons, the Court should prohibit the government from eliciting evidence concerning Mr. Cordova's prior conviction and prior guilty-filed disposition should he choose to testify in his own defense at trial.

Respectfully submitted,

Angel Cordova,
Defendant,

4

Through his attorney,

/s/ *Cara F. McNamara*
Cara F. McNamara
AK Bar #: 0511088

Federal Public Defender Office
51 Sleeper Street, 5th Floor
Boston, MA 02210
(617) 223-8061
cara_mcnamara@fd.org

## CERTIFICATE OF SERVICE

I, Cara McNamara, hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on November 8, 2021.

/s/ *Cara McNamara*
Cara McNamara